UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                                     Case No: 15-20268

v.

D-1   SHAWN ALTON HOUSE
_____/

**ORDER OF DETENTION PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I – Findings of Fact**

**A.    Eligibility. This case is eligible for a Detention Hearing (18 U.S.C. § 3142(f)), for the reasons checked below in this Part I A:**

☒(1)   Under 18 U.S.C. § 3142(f)(1), upon the government's motion in a case that involves

☐(a)   a crime of violence, a violation of section 1591, or an offense listed in 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐(b)   an offense for which the maximum sentence is life imprisonment or death;

**or**

☒(c)   an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46; **or**

☐(d)   any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving

rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ (e)  any felony that is not otherwise a crime of violence but involves:

  ☐ (i)  a minor victim, **or**

  ☐ (ii)  the possession or use of a firearm or destructive device (as defined in section 921), **or**

  ☐ (iii)  any other dangerous weapon, **or**

  ☐ (iv)  involves a failure to register under 18 U.S.C. § 2250.

☐ (2)  Under 18 U.S.C. 3142(f)(2), upon the government's motion or the court's own motion in a case that involves

  ☐ (a)  a serious risk that such person will flee; **or**

  ☐ (b)  a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

**B.   Rebuttable Presumption. A rebuttable presumption for detention exists in this case if reasons are checked below in this Part I B.**

**(1)   Defendant on Release Pending Trial (18 U.S.C. § 3142 (e)(2)):** A rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community arises when

  ☒ (a)  Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense; **and**

  ☐ (b)  The offense was committed while Defendant was on release pending trial for a federal, state, or local offense; **and**

  ☐ (c)  A period of less than five years has elapsed since

   ☐ (i)  the date of conviction, **or**

   ☐ (ii)  Defendant's release from prison.

**(2)  Probable Cause Findings (18 U.S.C. § 3142(e)(3)):** A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community arises when there is probable cause to believe that Defendant has committed an offense

☒(a)  for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46; **or**

☐(b)  under 18 U.S.C. § 924(c) (use of a deadly or dangerous weapon or device in relation to a crime of violence or drug trafficking crime), 18 U.S.C. § 956(a) (conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign country), or 18 U.S.C. § 2332b (acts of terrorism transcending national boundaries); **or**

☐(c)  listed in 18 U.S.C. § 2332b(g)(5)(B) (federal crimes of terrorism) for which the prison term is 10 or more years; **or**

☐(d)  under Chapter 77 of Title 18, United States Code, for which a maximum term of imprisonment of 20 years or more is prescribed (i.e., 18 U.S.C. §§ 1581, 1583, 1584, 1589, and 1594)(slavery); **or**

☐(e)  involving a minor victim as listed in 18 U.S.C. § 3142(e)(3)(E).

**Part II – Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing

establishes

☒  by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

☐  by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

☐  both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

House is a 43 year old career criminal; his criminal history dates back to 1988 (when he was 16 years old), and he has repeatedly been found or pleaded guilty to criminal conduct since then.  Notwithstanding this long criminal history, the Court considered placing House on home detention.  But, the Court determined that placing House on home detention would present a danger to community even if he were placed on home detention after considering (1) House's 2008 conviction for felony obstructing police, malicious destruction of fire police or property, and resisting or assaulting police officer; (2) the Government's unrebutted proffer that, when House was stopped by an Ohio police officer whose canine detected the scent of a controlled substance, House asserted that the officer would never find his trap and that whoever was snitching was snitching on the wrong person; (3) and that, despite being stopped on multiple occasions by Ohio police during the course of the drug trafficking conspiracy at issue, House continued to participate in the conspiracy.

**Part III – Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

Date: May 8, 2015　　　　　　　　　　　　　s/Elizabeth A. Stafford
　　　　　　　　　　　　　　　　　　　　　　Elizabeth A. Stafford
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge