UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 15-cr-20268
                                              District Judge Paul D. Borman

SHAWN HOUSE,

    Defendant.
_____/

**ORDER DENYING DEFENDANT SHAWN HOUSE'S MOTION FOR COMPASSIONATE RELEASE (ECF NO. 77)**

On December 31, 2020, Defendant filed a Motion for Compassionate Release. (ECF No. 77.) On January 20, 2021, the Government filed a Response in Opposition. (ECF No. 80.) On February 3, 2021 Defendant filed a 17-page Reply. (ECF No. 86.)

Defendant was sentenced to 180 months (15 years) incarceration. He is 49 years old. He has been incarcerated since May 2, 2015; 68 months, less than half of his original sentence. Defendant has six plus years remaining on his sentence. (Government Response, ECF No. 80, at PageID 429.)

Defendant was convicted of distributing more than 23,000 Oxycodone pills, and initially faced an advisory Sentencing Guideline range of 360 months to life imprisonment, which was statutorily capped at 240 months. (Defendant's Motion, ECF No. 77, PageID 379.)

1

Defendant is presently incarcerated at FCI-Milan, MI. His projected release date is February 18, 2028. (*Id*. at PageID 379.)

The Court finds that Defendant House has exhausted his Bureau of Prisons (BOP) administrative remedies with regard to 18 U.S.C. § 3582(c)(1)(A), and this case is properly before this Court.

Defendant contends that the COVID-19 pandemic, in particular within the Bureau of Prisons, and even more specifically at FCI-Milan combined with his medical conditions, establish extraordinary and compelling reasons that warrant granting him compassionate release. His medical conditions are hypertension (high blood pressure), tuberculosis (TB), and obesity. He also contends that he is prediabetic. Defendant's BMI is 30.4, barely over the CDC minimum standard for obesity--BMI 30.

The Government Response in Opposition notes that Defendant's significant drug dealing in this case, extensive criminal history as a lifelong drug dealer, his often use of an alias at times of arrest, and his prior history of 17 misconducts during incarcerations, establish him as a danger to the community if released. The Government further contends that his reasons for release are not extraordinary; that the COVID-19 pandemic and his medical condition, do not create an extraordinary and compelling reasons for granting compassionate release. (Government Response, ECF No. 80, PageID 438.)

The Defendant's medical records submitted to the Court indicate that his medical condition of hypertension is being successfully treated by medication: (Defendant's medical records, ECF No. 83-1, 12/30/2020, PageID 455). These records also show that his medical diagnosis of prediabetes is being dealt with by diet and exercise. (*Id*. at PageID 457, 12/9/2020.) Defendant was treated for tuberculosis in 2017 and completed latent TB treatment in March 2020. (Government Response, ECF No. 80, PageID 442.)

On February 1, 2021, FCI-Milan had 13 COVID-positive inmates, 244 recovered, 4 COVID-positive staff, 76 recovered.

The Court recognizes that Defendant, while incarcerated, has completed drug treatment classes, and received his GED.

Nevertheless, the Court, examining the relevant 18 U.S.C. § 3553(a) factors, finds that they strongly weigh against compassionate release:

> (1) The nature of the instant offense is very serious, distributing over 23,000 Oxycodone pills. His history and characteristics evidence him as a lifelong drug dealer, continuously using aliases to avoid detection, and receiving multiple disciplines during prior incarcerations.
>
> (2) There was a need for imposing a 15-year sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. Because he has served less than six years of his 15-year sentence, granting him compassionate release now would undermine the impact of all of these factors, and also fail to provide adequate

deterrence to others considering such serious similar criminal conduct. *See, United States v. Kincaid,* 802 F. App'x 187, 188-89 (6th Cir. 2020):

> District courts routinely weigh whether a certain amount of time served is sufficient but not greater than necessary to serve § 3553(a) purposes. That's what happens at sentencing. A district court may use that same calculus when deciding whether to grant a motion for compassionate release.

The Court further finds that pursuant to 18 U.S.C. § 3553(a)(2)(C), there is a need to deny compassionate release in order to protect the public from further crimes by the Defendant.

## CONCLUSION

Accordingly, the Court DENIES Defendant Shawn House's Motion for Compassionate Release because he remains a significant danger to the public/ community if released.

SO ORDERED.

DATED: February 4, 2021      s/Paul D. Borman
                              PAUL D. BORMAN
                              UNITED STATES DISTRICT JUDGE