UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

       Plaintiff,

v.

       Case No. 15-cr-20268
       District Judge Paul D. Borman

SHAWN HOUSE,

       Defendant.
_____/

**ORDER**

**(1) DENYING DEFENDANT'S SECOND OBJECTIONS (ECF NO. 92) AND HIS PRIOR OBJECTIONS TO MAGISTRATE JUDGE DAVID GRAND'S REPORT AND RECOMMENDATION (ECF NO. 67) DENYING HIS MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255**

**(2) ADOPTING MAGISTRATE JUDGE GRAND'S REPORT AND RECOMMENDATION TO DENY PETITIONER'S MOTION UNDER § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF NO. 67)**

On March 5, 2021, Defendant filed his Second Objections to Magistrate Judge Grand's Report and Recommendation in response to the Court's Order permitting filing of such late objections. (ECF No. 92.) On April 23, 202, the Government filed a Response to Defendant's Second Objections. (ECF No. 93.)

1

Defendant relies on the Sixth Circuit decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) for relief with regard to his conviction, and also contends that the Court erred in computing his sentence.

The Government responds that *Havis* does not support House's § 2255 claim, citing *Bullard v. United States*, 937 F.3d 654, 659-661 (6th Cir. 2019), and that *United States v. Johnson*, 732 F.3d 577 (6th Cir. 2013) undermines his sentencing claim. (ECF No. 93, at PageID.1-2.)

In *Bullard v. United States*, 937 F.3d 654, 660-661 (6th Cir. 2019), the United States Court of Appeals for the Sixth Circuit held that a defendant cannot use a § 2255 Motion to vindicate non-constitutional challenges to advisory guideline calculations. As a result, *Bullard* cannot use § 2255--or the Circuit's decision in *Havis*--to attack collaterally his designation as a career offender under the Sentencing Guidelines. As Magistrate Judge Grand point out, "absent a change in intervening law, § 2255 is not a vehicle for appealing the Sixth Circuit's decision on the basis that it employed an improper standard of review…House cannot avoid this prohibition by simply recharacterizing this same argument as ineffective assistance of counsel…. In sum, the principal arguments House asserts in his § 2255 Motion were considered and rejected by the Sixth Circuit in connection with his direct appeal. This alone dooms these arguments in his § 2255 Motion." (M.J. Grand Report & Recommendation, ECF No. 67, at PageID.329-330.)

With regard to House's claim relating to the Court's sentencing guideline determination involving drug quantities, this Court notes that the Sixth Circuit held that District Courts have "broad sentencing discretion, informed by judicial factfinding." *United States v. Johnson*, 732 F.3d 577, 584 (6th Cir. 2013). In the instant sentencing there was significant judicial factfinding, that significantly benefitted Defendant.

Magistrate Judge Grand's Report & Recommendation cites to the sentencing hearing transcript, where the Court stated:

> For conservative purposes, I'm going to cut it down [the pill amounts] from 80 milligram to 40 milligrams…And that would probably cut it in half in terms of the kilograms of the marijuana.

(ECF No. 67, at PageID.340.) Indeed, the prosecutor noted that this reduced the offense level to 32, as Defense Counsel Steven Scharg had sought.

Thus, as Magistrate Judge Grand concluded, "the [District] Court followed Rule 32 and the relevant case law by establishing the drug quantity conservatively." (*Id*. at PageID.342.)

Accordingly, this Court REJECTS Defendant's objections to Magistrate Judge Grand's Report & Recommendation.

SO ORDERED.

DATED:  August 26, 2021          s/Paul D. Borman
                                 PAUL D. BORMAN
                                 UNITED STATES DISTRICT JUDGE